UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANET DOE, et al., <br><br>              Plaintiffs, <br><br>   v. <br><br>ABERDEEN SCHOOL DISTRICT NO. 5, et al., <br><br>              Defendants. | CASE NO. 11-5932 RJB <br><br> ORDER ON STIPULATED PROTECTIVE ORDER |

On June 18, 2012, the court received a proposed Stipulated Protective Order, which the court has considered to be a joint motion for a protective order. Dkt. 26.

**1. Proposed Protective Order.** The parties request that the following information be subject to the protective order: "certain medical, counseling, pharmaceutical, scholastic, academic and social media records pertaining to plaintiffs." Dkt. 27, at 1. The proposed order further provides:

> Such records and writings and information shall be used only for purposes of this lawsuit, and may not be otherwise copied, disseminated, published, communicated, distributed or otherwise used by defendants or their counsel, except as provided in this Order. Defendants' counsel shall not file copies of any

ORDER ON STIPULATED PROTECTIVE
ORDER- 1

of these materials in any Court without prior notice to opposing counsel and either prior Order of the Court or prior permission in writing by all counsel.  For their use in this case, defendants' counsel may serve these materials directly with the judge hearing a particular matter before the Court, advising the Court of the potential confidentiality of the materials and the above filing requirements. Counsel for defendants shall not, other than as permitted above, disclose any of the information contained in these materials to any person except defendants' experts consulted by counsel for defendants as to this case, and any necessary and regular employees of their law firms, all of whom shall be advised by defendants' counsel of, and be subject to, the nondisclosure and confidentiality provisions of this Protective Order.

Any questions of admissibility and relevancy at trial of materials subject to this Protective Order shall be reserved for the trial court.

Dkt. 27.

**2. Legal Standard. Fed.R.Civ.P. 26(c) provides as follows:**

**(c) Protective Orders.**

**(1) In General**. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;
**(B)** specifying terms, including time and place, for the disclosure or discovery;
**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
**(E)** designating the persons who may be present while the discovery is conducted;
**(F)** requiring that a deposition be sealed and opened only on court order;
**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

1    **(2) Ordering Discovery**. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

3    **(3) Awarding Expenses**. Rule 37(a)(5) applies to the award of expenses.

**3. Court Involvement in Discovery.** Federal Rules of Civil Procedure 26 through 36 are designed to guide the parties through the discovery process. The parties should enlist the court to assist them only when necessary. The court may issue protective orders if the parties show good cause. However, a protective order should not be used to involve the court in the discovery process, except under narrow circumstances. A protective order should not be used to rubber stamp a procedure that the parties have developed for disclosing documents and disposing of those documents; parties should be able to agree among themselves on the procedures they will follow during discovery. The proposed protective order, purporting to be an order governing how discovery is to proceed with regard to sensitive information, is overbroad, particularly as to the social media records.

**4. Documents to be Protected**. It is also inappropriate for the court to "protect" broad classes of documents, without compelling justification. There are instances when a document, or a narrow class of documents, may warrant an order of the court to protect those documents from further disclosure. However, a request to protect any such documents must clearly identify the document or class of documents, and set forth the reason that the court's intervention is necessary to protect those documents from further disclosure. The proposed protective order identifies broad classes of documents, not specific documents or narrow classes of documents; and, further, does not provide justification for their protection.

**5. Filing Documents with the Court**. It is unnecessary for the court to issue a protective order governing filing of documents with the court. Counsel may pursue appropriate

remedies with regard to sensitive information filed with the court, including sealing under Local Rule CR5(g); filing motions in limine; and employing motions or objections at trial.

**6. Agreement by Parties**. As reflected above, the parties are free to agree on discovery matters and confidentiality. When the court is involved, however, the necessary showing under the rules must be made.

Because the proposed Stipulated Protective Order does not meet the requirements for issuing a protective order, the court should deny, without prejudice, the parties' joint motion for a protective order.

Therefore, it is hereby:

**ORDERED** that the parties' joint motion for a protective order (Dkt. 27) is **DENIED WITHOUT PREJUDICE**. The Stipulated Protective Order (Dkt. 27) will remain in the court file, but will not be signed by the court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of June, 2012.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON STIPULATED PROTECTIVE ORDER- 4